IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARCO A. MONTEMAYOR, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:18-cv-3216-L-BN |
| | § | |
| DALLAS COUNTY CHILD PROTECTIVE SERVICES, | § | |
| | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Marco A. Montemayor brings a *pro se* application for writ of habeas corpus under 28 U.S.C. § 2241 against Respondent Dallas County Child Protective Services, concerning the custody of his three children. *See* Dkt. No. 3. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the petition for lack of jurisdiction.

**Applicable Background, Legal Standards, and Analysis**

"Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters 'as law and justice require,'" *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). That statute "authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government," *Gatte*

*v. Upton*, No. 4:14-cv-376-Y, 2014 WL 2700656, at *1 (N.D. Tex. June 13, 2014) (footnote omitted). And, under the Rules Governing Section 2254 Cases in the United States District Courts – equally applicable "to § 2241 habeas cases," *Romero v. Cole*, No. 1:16-cv-148, 2016 WL 2893709, at *2 & n.4 (W.D. La. Apr. 13, 2016) (collecting authority, including *Castillo v. Pratt*, 162 F. Supp. 2d 575, 576 (N.D. Tex. 2001)), *rec. accepted*, 2016 WL 2844013 (W.D. La. May 12, 2016) – "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition," RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

Section 2241 is generally "the proper procedural vehicle if a prisoner 'challenges the execution of his sentence rather than the validity of his conviction and sentence.'" *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)). But Montemayor is attacking the decision of a state court as to child custody, which – construed liberally – could trigger review under 28 U.S.C. § 2254.

Indeed, "[a]lthough the language of § 2254(a), especially in light of § 2241, suggests that habeas corpus is available only to challenge the convictions of prisoners actually in the physical custody of the State, [ ] modern cases have extended it to other situations involving challenges to state-court decisions." *Lehman v. Lycoming Cnty. Children's Servs. Agency*, 458 U.S. 502, 508 (1982) (footnotes omitted). But, while

> the scope of the writ of habeas corpus has been extended beyond that which the most literal reading of the statute might require, the [United States Supreme] Court has never considered it a generally available

> federal remedy for every violation of federal rights. Instead, past decisions have limited the writ's availability to challenges to state-court judgments in situations where – as a result of a state-court criminal conviction – a petitioner has suffered substantial restraints not shared by the public generally. In addition, in each of these cases the Court considered whether the habeas petitioner was "in custody" within the meaning of § 2254.

*Id.* at 510 (footnote omitted); *see also Zalawadia v. Ashcroft*, 371 F.3d 292, 299 (5th Cir. 2004) ("[U]nlike direct review where the correctness of a court or agency order is comprehensively and directly before the court, a habeas court reviews the correctness of such an order only insofar as it relates to 'detention simpliciter.' In other words, habeas is not shorthand for direct review." (citations omitted)).

As to habeas's custody requirement, "children in foster care are not in the 'custody' of the state within the meaning of section 2254." *Middleton v. Attorneys Gen. of States of N.Y., Penn.*, 396 F.3d 207, 209 (2d Cir. 2005) (per curiam) (citing *Lehman*, 458 U.S. at 510-11). "Rather, '[t]hey are in the "custody" of their foster parents in essentially the same way, and to the same extent, other children are in the custody of their natural or adoptive parents.'" *Id.* (quoting *Lehman*, 458 U.S. at 510); *see also, e.g., United States ex rel. Mueller v. Mo. Div. of Family Servs.*, 123 F.3d 1021, 1023-24 (8th Cir. 1997) (expanding *Lehman* to children in a state institution rather than in the custody of foster parents – "This case involves essentially a family matter, a question of the best interests of children, and the message of the Supreme Court in *Lehman* and of this Court in *Amerson[ v. Iowa*, 59 F.3d 92 (8th Cir. 1995) (per curiam),] is that federal habeas is, in general, not available in such situations.").

Thus, regardless where Montemayor's children have been placed by the State,

"the reach of habeas corpus" does not extend to a petitioner not challenging his holding conviction but instead "the termination of his parental rights." *Salinas v. Tex. Dep't of Family and Prot. Servs.*, No. A-11-CA-963-SS, 2012 WL 13685, at *1 (W.D. Tex. Jan. 4, 2012). The Court therefore lacks jurisdiction to consider his habeas application that essentially requests direct federal review of state court child custody determinations. *See id.* ("Because Petitioner is challenging state court custody decisions, the Court is without jurisdiction to consider the habeas application"); *see also Anderson v. Anderson*, No. 4:14-cv-336-O, 2014 WL 3500151, at *1 n.1 (N.D. Tex. July 15, 2014) ("Nor may Petitioner invoke federal habeas corpus jurisdiction to challenge California state proceedings, his parental rights, child custody or the other relief he seeks in his petition." (citations omitted)).

## Recommendation

The Court should dismiss Petitioner Marco A. Montemayor's application for writ of habeas corpus under 28 U.S.C. § 2241 for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 10, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE