IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MARCO A. MONTEMAYOR,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:18-cv-3216-L-BN** |
| | § | |
| **DALLAS COUNTY CHILD** | § | |
| **PROTECTIVE SERVICES,** | § | |
| | § | |
| Respondent. | § | |

## ORDER

Before the court is Marco A. Montemayor's ("Petitioner") Petition for Writ of Habeas Corpus (Doc. 3), filed December 6, 2018; and Petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 4), filed December 6, 2018. On December 10, 2018, United States Magistrate Judge David L. Horan entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report"), recommending that the court dismiss Petitioner's Petition for Writ of Habeas Corpus for lack of jurisdiction because federal review is not available for state court child custody determinations. The magistrate judge relied on case law in which federal courts dismissed habeas applications that challenged a state court's termination of a petitioner's parental rights. On December 26, 2018, Petitioner sent an e-mail to the orders box of Judge Horan requesting a fourteen-day extension to object to the Report. The court construed the e-mail as a motion for extension of time to file objections, granted the request, and extended the deadline to January 11, 2019. On January 8, 2019, Petitioner filed his Objections (Doc. 7).

In his Objections, Petitioner attaches numerous exhibits that he contends "will show forged documents which is a separate cause of action with a civil remedy which may also give rise to a claim under the Deceptive Trade Practices Consumer Protection Act." Pet'r's Obj. 1. Under the

**Order – Page 1**

heading "Juri[s]dictional Statement," Petitioner lists several federal and state causes of action with accompanying case law, for claims such as "negligent infliction of emotional trauma," "interference with child custody," "interference with familial relationship," "interference with a business relationship," "conversion," "spoliation of evidence," "intentional wrongs causing personal injury," "invasion of privacy," and constitutional claims under the Fourth and Fourteenth Amendment. Pet'r's Obj. 1-7. Petitioner, however, does not provide case law establishing that a federal court has jurisdiction over a habeas application that seeks to challenge a state court custody determination. Should Petitioner wish to bring the aforementioned state or federal claims against the officials involved in the custody proceedings, he should file a separate civil complaint in a court with proper jurisdiction over those claims.

Having reviewed the record in this case, Report, and applicable law, and having conducted a de novo review of the Report to which objections were made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **denies** Petitioner's Petition for Writ of Habeas Corpus (Doc. 3) and **dismisses without prejudice** this action for lack of subject matter jurisdiction. Given the court's determination that Petitioner's habeas petition should be denied, the court **denies as moot** his Motion for Leave to Proceed in forma pauperis (Doc. 4), which was filed for purposes of proceeding in this case.

**It is so ordered** this 23rd day of January, 2019.

*[signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge